IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PETE C. ANDERSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 08-794-JJF |
| | : | |
| PERRY PHELPS, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

Pete C. Anderson, Jr. <u>Pro Se</u> Petitioner.

Loren C. Meyers, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Counsel for Respondents.

**MEMORANDUM OPINION**

November $30$, 2009
Wilmington, Delaware

Farnan, District Judge

    Pending before the Court is an Application For A Writ Of
Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by
Petitioner Pete C. Anderson ("Petitioner").  (D.I. 1.)  For the
reasons discussed, the Court concludes that the Petition is time-
barred by the one-year statute of limitations prescribed in 28
U.S.C. § 2244.  The Court alternatively concludes that the
Petition is meritless.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

    In May 1992, Petitioner pled guilty to one count of first
degree assault and one count of possession of a deadly weapon
during the commission of a felony.  These charges stemmed from
Petitioner's attack of a woman in New Castle County, Delaware in
October 1991.  The Delaware Superior Court sentenced Petitioner
in July 1992 to ten years of incarceration at Level V for the
assault conviction, to be followed by an additional six months of
probation.  For the weapons offense, Petitioner was sentenced to
twenty years at Level V incarceration, and the sentencing order
explicitly stated that the twenty year sentence was mandatory
pursuant to Del. Code Ann. tit. 11, § 1447.  Anderson v. State,
788 A.2d 527 (Table), 2001 WL 1398630 (Del. Super. Ct. Sept. 6,
2007); (D.I. 9.)

    In October 1992, Petitioner filed a motion for reduction of
sentence, which the Superior Court denied.  Petitioner did not

1

appeal that decision.  See Anderson v. Snyder, Civ. Act. No. 97-
316-LON (D. Del. July 28, 1997).

     In September 1996, Petitioner filed a motion for post-
conviction relief pursuant to Delaware Superior Court Criminal
Court Rule 61.  The Delaware Superior Court denied the Rule 61
motion as procedurally barred under Rule 61(1)(i). Petitioner did
not appeal that decision.  Thereafter, in April 1997, Petitioner
applied for federal habeas corpus relief.  The Honorable Joseph
J. Longobardi denied the petition in July 1997, and Petitioner
did not appeal that decision.  Id.

     In March 2001, Petitioner filed in the Delaware Superior
Court a Rule 35(a) motion to correct sentence.  (D.I. 13.)
Petitioner contended that his weapons sentence was illegal
because it exceeded the presumptive sentence set out in the state
sentencing guidelines ("SENTAC") and it was based on the judge's
mistaken belief that Petitioner had more than one prior violent
felony conviction.  The Superior Court summarily denied the Rule
35(a) motion under Rule 35(b), and Petitioner appealed.  On the
suggestion of prosecutors, the case was remanded to the Superior
Court for further proceedings.  The Delaware Superior Court
conducted a hearing, and concluded that Petitioner's sentences
were based on a true factual predicate and that they were within
the presumptive sentencing guidelines set by SENTAC.  Anderson,
2001 WL 1398630.  Following the return of the case from the

                              2

Delaware Superior Court, the Delaware Supreme Court affirmed the Superior Court decision. Anderson v. State, 2001 WL 1751221 (Del. Oct. 12, 2001).

In April 2002, Petitioner filed a letter asking the Superior Court judge to "amend" his sentence to allow work release for one year, with probation to follow. (D.I. 12.) Treating the letter as a motion for reduction of sentence under Rule 35(b), the Superior Court denied the request as time-barred. Id.

In June 2002, Petitioner filed a Rule 35 motion for modification of sentence, stating that he wished to reside with his elderly parents and that he had successfully completed some prison programs. Id. Treating the motion as a Rule 35(b) motion for reduction of sentence, the Delaware Superior Court denied the motion as time-barred, and further noted that the completion of programs did not constitute extraordinary circumstances justifying a waiver of the 90-day limitations period. Id.

In September 2002, Petitioner filed two more letters in the Superior Court. The first letter, dated September 13, 2002, asserted that Petitioner was having problems getting good time credit. Id. The judge responded in a letter dated September 24, 2002, suggesting that Petitioner file an appropriate motion if the Department of Correction was incorrectly calculating Petitioner's sentence. Id. In the second letter, dated September 24, 2002, Petitioner expressed remorse and asked the

3

Superior Court judge to review his case. Treating the letter as a Rule 35(b) motion for reduction of sentence, the Superior Court judge denied the motion as time-barred and repetitive, and noted that the sentences were mandatory. Id.

Petitioner filed another Rule 35 motion for modification of sentence on February 4, 2003, which the Superior Court denied on February 6, 2003. (D.I. 15, Attached Exhibit - Del. Super. Ct. Crim. Dkt., Entry 60 and 61.) Petitioner filed a notice of appeal in the Delaware Supreme Court on March 4, 2003. The record does not indicate whether the Delaware Supreme Court considered this appeal. Id. at Entry 62.

In January 2005, Petitioner filed a Rule 35 motion for modification of sentence. Petitioner argued that the twenty year prison term for the weapons conviction ran afoul of the state sentencing guidelines due to the misapplication of his prior criminal history. Treating the motion as a Rule 35(b) motion for reduction of sentence, the Superior Court denied Petitioner's request, and the Delaware Supreme Court affirmed that decision. Anderson v. State, 2005 WL 1123389 (Del. May 10, 2005).

Petitioner filed a motion to correct sentence pursuant to Rule 35(a) in August 2007, arguing that his sentence for possession of a weapon could not be "mandatory" because it precluded him from reducing his sentence term by good time credit. Petitioner also argued that the mandatory nature of the

4

sentence violated the Ex Post Facto Clause.  Treating the Rule
35(a) motion to correct sentence as a motion to reduce sentence
under Rule 35(b), the Superior Court denied relief.  The Delaware
Supreme Court affirmed that decision, explaining that the
Superior Court's treatment of Petitioner's Rule 35(a) motion as a
motion to modify his sentence "was harmless because it is
manifest that [Petitioner's] sentence for possession of a deadly
weapon during the commission of a felony is not illegal."
Anderson v. State, 941 A.2d 1081 (Table), 2007 WL 4374413 (Del.
Dec. 17, 2007).

## II.  DISCUSSION

Petitioner filed the instant Petition for federal habeas
relief in 2008.[1]  The Petition simply refers to a July 2001
amendment to Del. Code Ann. tit. 11, § 1447 which specifically
provides that "no person convicted [of the offense] shall be
eligible for good time. . . . during the period of the sentence
imposed."  The Court liberally construes this argument as
asserting that § 1447 is erroneously being applied retroactively
to Petitioner.  Viewed in this manner, the Court concludes that

---

[1] Prior to filing the instant Petition, Petitioner applied to
the Third Circuit Court of Appeals for permission to file a
second or successive habeas petition.  However, in an Order dated
October 21, 2008, the Third Circuit concluded that Petitioner was
challenging the administration of his sentence based on a
statutory amendment made after the time of his prior habeas
petition, and therefore, the Petition did not constitute a second
or successive petition within the meaning of 28 U.S.C. § 2244.

5

Petitioner exhausted state remedies for this argument by
presenting an almost identical argument to the Delaware Supreme
Court in 2007 on post-conviction appeal.  Nevertheless, as
explained below, the Court will deny the Petition as time-barred,
and alternatively, as meritless.

## A.  One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA") was signed into law by the President on April 23, 1996,
and habeas petitions filed in federal courts after this date must
comply with the AEDPA's requirements.  See generally Lindh v.
Murphy, 521 U.S. 320, 336 (1997).  The AEDPA prescribes a one-
year period of limitations for the filing of habeas petitions by
state prisoners, which begins to run from the latest of:

    (A) the date on which the judgment became final by the
    conclusion of direct review or the expiration of the time
    for seeking such review;

    (B) the date on which the impediment to filing an
    application created by State action in violation of the
    Constitution or laws of the United States is removed, if the
    applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was
    initially recognized by the Supreme Court, if the right has
    been newly recognized by the Supreme Court and made
    retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or
    claims presented could have been discovered through the
    exercise of due diligence.

28 U.S.C. § 2244(d)(1).

    The Petition, dated 2008, is subject to the one-year

6

limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. Because Petitioner alleges that the 2001 amendment to § 1447 is being retroactively applied to him, § 2244(d)(1)(D) provides the applicable trigger date for federal habeas limitations purposes. Accordingly, the one-year period of limitations under the AEDPA began to run on the date on which Petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claim.

The 2001 amendment to § 1447 became effective on July 9, 2001. The Delaware Supreme Court was considering Petitioner's appeal from the denial of one his Rule 35 motions for modification of sentence during the time period immediately following July 9, 2001, and the State Supreme Court eventually issued a decision affirming the Superior Court's denial of such motion on September 6, 2001. Thereafter, Petitioner filed two additional Rule 35 motions in April and June 2002, respectively, and he not mention the amendment to § 1447 in either of those motions. Rather, in a letter dated September 13, 2002, Petitioner informed the Superior Court judge assigned to his case that he was "having problems getting [his] sentence and good time straight with the institution." (D.I. 12.) According to Petitioner, he "advised records that only 2 years of the possession of a deadly weapon during commission of a felony charge is mandatory. But, the institution had advised [him] that

7

the whole 20 years is mandatory." In this letter, Petitioner conceded that the 1992 version of § 1447 did not permit the suspension of sentences, yet he argued that the 1992 version did not render his entire sentence mandatory. Petitioner also asserted that he was eligible for good time under the 1992 version of § 1447. Id. The Superior Court judge responded to Petitioner's request in letter dated September 24, 2002, suggesting that Petitioner "file an appropriate motion if the Department of Corrections is incorrectly calculating" his good time credit." Id.

Given Petitioner's persistent and voluminous filings in the Delaware State Courts, the Court questions whether Petitioner could not have discovered the existence of the statutory amendment challenged in this proceeding prior to September 13, 2002. Nevertheless, Petitioner's September 13, 2002 letter definitively demonstrates that he knew about the amendment to § 1447 and his alleged "problem" with obtaining good time credit on his weapon sentence as of that date. Consequently, the Court will use September 13, 2002 as the starting date for the one-year limitations period under § 2244(d)(1)(D). Applying the one-year limitations period to this date, Petitioner had until September 15, 2003 to timely file his Petition.² See Wilson v. Beard, 426

---

²September 13, 2003 fell on a Saturday. Thus, Petitioner had until Monday, September 15, 2003, to file a federal habeas petition. Fed. R. Civ. P. 6(a).

F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil
Procedure 6(a) and (e) applies to federal habeas petitions).

Pursuant to the prison mailbox rule, the Petition was filed
on June 10, 2008.³  See Longenette v. Krusing, 322 F.3d 758, 761
(3d Cir. 2003)(the date on which a prisoner transmitted documents
to prison authorities is to be considered the actual filing
date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); (D.I.
15, In re Pete Anderson, Order (3d Cir., October 21, 2008)).
Thus, the Petition was filed more than five years after the
expiration of the AEDPA's limitations and is time-barred, unless
the limitations period can be statutorily or equitably tolled.
See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999).  The Court
will discuss each doctrine in turn.

### 1. **Statutory Tolling**

Pursuant to § 2244(d)(2), "a properly filed application for
State post-conviction or other collateral review with respect to
the pertinent judgment or claim" will toll the AEDPA's one-year
limitations period during the time the collateral proceeding is
pending, including any post-conviction appeals, provided that the
application for collateral review is filed prior to the

---

³Petitioner originally filed the Petition in the Third
Circuit when he requested permission to file a second or
successive petition.  The Court did not receive the Petition from
the Third Circuit until October 23, 2008.  However, pursuant to
the Third Circuit's Order dated October 21, 2008, the Court will
use June 10, 2008 as the filing date.  (D.I. 1.)

expiration of the AEDPA's one-year period. See 28 U.S.C. §
2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir.
2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept.
23, 2002)(explaining that a properly filed Rule 61 motion will
only toll the limitations period if it was filed and pending
before the expiration of the AEDPA's limitations period). "An
application is properly filed when its delivery and acceptance
are in compliance with the applicable laws and rules governing
filings," such as the rules governing the location and time of
filing, the forms used, and the requisite filing fee. Artuz v.
Bennett, 531 U.S. 4, 8 (2000); Lovasz v. Vaughn, 134 F.3d 146,
148 (3d Cir.  1998).

Here, Petitioner filed in the Delaware Superior Court a Rule
35 motion to modify his sentence on February 4, 2003.  The
Superior Court treated the motion as filed under Rule 35(b) and
denied it on February 6, 2003 as time-barred, repetitive, and
because the sentence imposed is mandatory.  (D.I. 13, Exh. A1 in
Appellant's App. in Anderson v. State, No.66,2005).  The record
indicates that Petitioner filed a notice of appeal from this
decision, but there is no indication that the Delaware Supreme
Court considered the appeal.  Consequently, the Court is
presented with an interesting situation.  If the Rule 35 motion
filed in February 2003 constitutes "a properly filed application
for State post-conviction or other collateral review" under §

10

2244(d)(2), then the motion started tolling the limitations period as of February 6, 2003, the date of its filing. Further, if the Delaware Supreme Court never considered Petitioner's appeal of the Superior Court's denial of said motion,[4] then it would appear that the February 2003 motion is still tolling the limitations period. Thus, if the February 2003 motion constituted a Rule 35(a) motion, the Petition would be timely filed.[5]

However, because the Delaware Superior Court explicitly held that the February 6, 2003 motion was filed under Rule 35(b), the February 2003 motion has no statutory tolling effect under § 2244(d)(2). See Hartmann v. Carroll, 492 F.3d 478, 483-84 (3d Cir. 2007)(Rule 35(b) motions seeking leniency do not trigger the statutory tolling provision of § 2244(d)(2), whereas a Rule 35(a) motion challenging the lawfulness of the petitioner's sentencing may trigger statutory tolling). Thus, while unfortunate and concerning for other reasons, the Delaware Supreme Court's failure to consider Petitioner's appeal of the Superior Court's denial of said motion does not render the Petition timely filed.

---

[4]The 30-day period to appeal the Superior Court's decision ended March 10, 2003. See Del. Sup. Ct. R. 6; Del. Sup. Ct. R. 11(a)(extending period when the last day ends on a Saturday or Sunday). Hence, it appears that Petitioner timely filed his notice of appeal on March 4, 2003.

[5]Given the remote possibility that the Petition may be timely, the Court provides an alternative basis for denying the instant Petition later in this Opinion.

11

Petitioner's other motions to correct/modify his sentence, filed in January 2005 and August 2007, also have no statutory tolling effect because they were filed after the expiration of the AEDPA's limitations period.  Therefore, the Court concludes that statutory tolling does not render the Petition timely filed.

## 2. **Equitable Tolling**

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (3d Cir. 1999).  In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient.  Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004).  Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the

12

court misleads petitioner about steps necessary to preserve habeas claim).

Here, Petitioner does not allege, and the Court cannot discern, that any extraordinary circumstances prevented him from timely filing his Petition. To the extent Petitioner's untimely filing was due to a mistake in his computation of the AEDPA's limitations period, that mistake does not trigger equitable tolling. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Moreover, Petitioner has failed to demonstrate that he exercised the requisite diligence necessary to trigger the equitable tolling doctrine. Petitioner knew about the amendment to § 1447 and that he was not receiving good time credit on his weapons sentence at least as early as September 2002, but he did not file a motion in the Delaware state courts raising this issue until five years later, in August 2007.[6] Accordingly, the Court will dismiss the Petition as time-

_____

[6]Although Petitioner discusses the fact that he filed a Rule 35 motion in February 2003, he does not indicate the arguments raised therein nor has he provided a copy of the motion. Given Petitioner's propensity for raising numerous defenses, the Court

13

barred.

## B. **Failure To Award Good Time Credits On Petitioner's Weapon Sentence Does Not Constitute Ex Post Facto Violation**

Given the possibility that the Petition should be treated as timely filed, the Court will exercise prudence and provide an alternative basis for denying the Petition. Nevertheless, for the reasons set forth below, the Court concludes that the Petition does not warrant relief.

To begin, Petitioner presented a version of the instant Ex Post Facto claim to the Delaware Supreme Court in his 2007 appeal of the Superior Court's denial of his Rule 35 motion for modification of sentence. The Delaware Supreme Court affirmed the Superior Court's decision "because it is manifest that [Petitioner's] sentence for possession of a deadly weapon during the commission of a felony is not illegal." Anderson, 2007 WL 4374413, at *1. Although the Delaware Supreme Court did not cite Federal law, the Court concurs with the State's assessment that the State Supreme Court's decision constituted an adjudication on the merits for the purposes of § 2254. (D.I. 9, at p. 10.); Thomas v. Horn, 570 F.3d 105, 115 (3d Cir. 2009)(a claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. §

---

views this failure to mention the arguments raised in the February 2003 motion as an indication that Petitioner probably did not raise the argument pertaining to the § 1447 amendment or good time credit in February 2003.

14

2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground). Consequently, the Court can only grant habeas relief if the Delaware Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial.   28 U.S.C. § 2254(d)(1) & (2);   Williams v. Taylor, 529 U.S. 362, 412 (2000);   Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001).

The Court must utilize a two-step analysis when applying § 2254(d)(1).   Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 880 (3d Cir. 1999)(en banc).   The first step requires the Court to identify the applicable Supreme Court precedent and then determine whether the Delaware Supreme Court decision was contrary to that precedent.   Id. at 888.   If the Court concludes that the Delaware Supreme Court's decision is not contrary to the Supreme Court precedent, the Court must then determine whether the judgment rests upon an objectively unreasonable application of the Supreme Court precedent.   Id. at 880.   This analysis involves determining "whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified.   If so, then the petition should be granted."   Id. at 891.   Moreover, "in certain cases it may be

15

appropriate to consider the decisions of inferior federal courts as helpful amplifications of Supreme Court precedent." Id. at 890. In performing this analysis, the Court must presume that a state court's determinations of fact are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000).

It is well-settled that a petitioner can only obtain habeas corpus relief for an alleged violation of the Ex Post Facto Clause by demonstrating "both a retroactive change in law or policy and that this change caused individual disadvantage by creating a significant risk of increasing his punishment." Richardson v. Pa. Bd. of Prob. & Parole, 423 F.3d 282, 284 (3d Cir. 2005). Petitioner has not satisfied either prong of this test.

First, Petitioner has not demonstrated that the 2001 amendment to § 1447 effectuated a substantive change of policy from the prior version. For instance, at the time of Petitioner's offense, § 1447(b) read that "no person convicted for a violation of this section shall be eligible for parole or probation during the period of the sentence imposed." In July 2001, the Delaware legislature amended § 1447 to read that "no person convicted for a violation of this section shall be eligible for **good time**, parole or probation during the period of

16

the sentence imposed." (emphasis added to highlight the new statutory language).  However, prior to the 2001 amendment, the Delaware State Courts had consistently interpreted the precise language contained in § 1447(b), and identical language in other statutes, to mean that a defendant's sentence for the particular crime could not be reduced by good time credit, even when, as here, the particular statute in question did not refer to good time credit.  See Richmond v. State, 446 A.2d 1091 (Del. 1982)(interpreting same language in first degree robbery statute as prohibiting good time credit (Del. Code Ann. tit. 11, § 832(c)(Repl. 1979)));  Watson v. Burgan, 610 A.2d 1364 (Del. 1992)(assumption that sentence for PDWDCF is mandatory and cannot be reduced by good time credit);  State v. McAllister, 2001 WL 1448499 (Del. Super. Ct. Oct. 3, 2001)(the 1991 language of § 1447(b) prohibited the awarding of good time credit);  Rust v. Kearney, 2001 WL 1628445 (Del. Super. Ct. Sept. 27, 2001)(interpreting § 1447A, the Superior Court held that a statute which expressly states a person is not eligible for parole or probation also prevents the awarding of good time credit, even if no such reference is made therein).  In fact, the Superior Court in McAllister held that "the legislature's addition of the words 'good time' to parole and probation ineligibility changed nothing substantive.  The addition of those words [to § 1447(b)], therefore, only made more clear the

prohibition of awarding good time." McAllister, 2001 WL 1448499,
at *1; see 73 Del. Laws ch. 107, Synopsis ("Because of several
decisions by Delaware's courts, certain language contained in [§
1447] has been interpreted to mean that any sentence imposed for
a violation of that law shall not be reduced by good time.")

Moreover, even if the 2001 amendment to § 1447(b) did
constitute a substantive change in the statute, Petitioner has
not demonstrated that the 2001 amendment has been retroactively
applied to him. The Court has independently reviewed the
documents pertaining to Petitioner's numerous state proceedings,
and has not uncovered any language in the State Court decisions
denying Petitioner relief on the basis of the 2001 amendment to §
1447(b). In addition, Petitioner has failed to "proffer at least
some evidence of [personal] disadvantage"[7] because Petitioner has
not presented evidence that he had a significant chance of
earning good time credit prior to the 2001 amendment, or that all
prisoners sentenced under the pre-2001 version of § 1447 were
awarded good time credits. Richardson, 423 F.3d at 293. Thus,
the Court concludes that Petitioner has not established an Ex
Post Facto violation, and will therefore alternatively deny the
Petition for failing to satisfy § 2254(d)(1) and (2).

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254

---

[7]Richardson, 423 F.3d 292-93.

18

petition, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. Rule 22.2(2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that the Petition is time-barred, and alternatively, that it lacks merit. The Court is persuaded that reasonable jurists would not find these conclusions to be debatable. Therefore, the Court declines to issue a certificate of appealability.

**IV.  CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 1.)

19

An appropriate Order will be entered.